IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

U. S. DISTRICT COURT
Southern District of Ga.
Filed in Office

12/22/20

Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. CR107-034 |
| ) | |
| JAMES LESTER KIMBRELL, III, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

Before the Court is Defendant's Motion for Sentencing Transcripts at No Cost. (Doc. 19.) In 2007, Defendant was charged with conspiracy to distribute a listed chemical pursuant to 21 U.S.C. §§ 846, 841(f)(1) and possession of a firearm by a convicted felon pursuant to 18 U.S.C. § 922(g). (Doc. 1.) On May 24, 2007, this Court accepted Defendant's guilty plea to both counts (Doc. 4) and eventually sentenced Defendant to 168 months of imprisonment to be followed by 3 years of supervised relief (Doc. 5). Now, Defendant has been released from prison and is requesting that this Court provide him with his sentencing transcript at no cost. While Defendant contends that he needs the transcript at no cost because he is homeless, he provides no information as to why he needs his sentencing transcript.

Typically, this Court addresses the issue of transcripts at no cost in response to similar requests by prisoners hoping to challenge their convictions with a habeas petition. In that

context, the Court has held that a federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error. See Walker v. United States, 424 F.2d 278, 278 (5th Cir. 1970).[1] Although Defendant is not currently imprisoned, the logic is still the same. The Court will not just provide transcripts at the Court's own cost simply to allow Defendant to review his sentencing for possible error. As a result, Defendant's motion is **DENIED**.

SO ORDERED this 22ND day of December 2017.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.